## TEXAS & P. RY. CO. v. VILLAFUERTE.

(Court of Civil Appeals of Texas. Texarkana. May 1, 1913. Rehearing Denied May 22, 1913.)

1. RELEASE (§ 59*)—FRAUD—PERSONAL INJURIES—INSTRUCTIONS.

An instruction that if, before signing a release to defendant and receiving $150 therefor, defendant's agent told plaintiff that if he did not sign he could not leave the hospital where he was confined, and that plaintiff could not read or write English and did not know the contents of the release, and defendant's agents by words and conduct led plaintiff to believe, and he did believe, that unless he signed the release he could not leave the hospital, and defendant's agent by fraud induced plaintiff to sign the release and receive $150, then it was not binding upon him, was not objectionable as making plaintiff's ignorance of the contents of the release alone sufficient ground for avoidance.

[Ed. Note.—For other cases, see Release, Cent. Dig. § 115; Dec. Dig. § 59.*]

2. RELEASE (§ 17*)—FRAUD.

Where plaintiff, a Mexican 24 years of age and unable to speak English, while in a hospital, was induced to sign a release for $150 by the statement of defendant's agent, interpreted to him by a Mexican girl, that plaintiff would not be permitted to leave the hospital unless he signed the release, the jury were authorized to find that such statement, if made, amounted to a fraud which would avoid the release.

[Ed. Note.—For other cases, see Release, Cent. Dig. § 32; Dec. Dig. § 17.*]

3. MASTER AND SERVANT (§ 286*)—INJURIES TO SERVANT—RAILROADS—NEGLIGENCE—QUESTION FOR JURY.

In an action for injuries to a trackman by being thrown from a handcar, evidence held to require a submission to the jury of the question whether the jerking of the car and its rapid motion constituted actionable negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

4. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS—FORM—PROPOSITIONS.

Assignments of error which are not propositions in themselves, and are not followed by propositions, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Harrison County; M. P. McGee, Special Judge.

Action by Paulino Villafuerte against the Texas & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

F. H. Prendergast, of Marshall, for appellant. Lane & Lane and M. B. Parchman, all of Marshall, for appellee.

HODGES, J. In July, 1912, appellee was employed by the appellant as a section hand, and while riding on a hand car en route to his work he fell and received personal injuries for which he sued and recovered a judgment for $500.

The petition charges negligence generally, without specifying any particular acts. Among other defenses the appellant pleaded a settlement and a written release executed by appellee before suit was filed. In a supplemental petition the appellee alleged that he signed this release without knowing its contents or what it was for; that he was told if he did not sign it he could not leave the hospital. The evidence shows that after receiving his injuries the appellee was sent to the railway hospital, and while there received from the appellant's claim agent $150 and signed the written release relied on as a defense.

The court instructed the jury as follows: "You are instructed that if the jury believe from the evidence that, before the signing of the release and the receipt of the sum of $150 by plaintiff, the agent of defendant told plaintiff that if he did not sign said paper he (plaintiff) could not leave the hospital, and that plaintiff could not read nor write the English language, and did not know the contents of said release, and that the agents of defendant, by their words and conduct, led plaintiff to believe, and plaintiff did believe, that unless he signed said release he could not leave said hospital, and that the agents of defendant did by fraud induce plaintiff to sign said release and receive said $150, then you are charged that the signing of said release and the receipt of said $150 by plaintiff would not be binding on plaintiff." It is claimed that this charge was erroneous: (1) Because under the evidence the plaintiff would be bound by the settlement and the receipt of the $150, although he may not have understood the release that he signed; and (2) because the charge implied that some fraud or other inducement which caused the plaintiff to sign the release was used besides the statement that he could not leave the hospital.

[1] The charge does not make ignorance alone of the contents of the release sufficient ground for avoidance, but requires the jury to also find that by the words and conduct of the agent of defendant the plaintiff was induced to believe that he could not leave the hospital unless he did sign it, and that some fraud was used to procure his signature. The appellee testified that he was a Mexican about 24 years of age and could not speak English; that he had been in the hospital a short time when he was visited by the appellant's claim agent, in company with a Mexican girl, who acted as interpreter; that he was called from his room and told through the interpreter to sign the paper, and that if he did not sign it they would not let him go out of the hospital; that no one told him

what the paper contained, nor explained it to him, and he did not know its contents; that he was a stranger and knew no one at the hospital, and he signed the paper because they obliged him to do so; that he had no object in signing it; they just laid the $150 on the table and told him to sign the paper. He further testified that he had been abused by one of the doctors at the hospital, and that he took the money because the girl who acted as interpreter told him to take it. The court charged the jury in that connection as follows: "But on the other hand, if plaintiff accepted the $150 paid him at the hospital, and appropriated it to his own use, knowing that the defendant had paid him the money to settle any claim he might have against the defendant for damages, then the release he signed would be binding on him and he would not be entitled to recover."

[2] The statements of the appellee regarding the compulsion which he says was practiced in order to secure his signature to the release were disputed by the testimony of the claim agent and of the girl who acted as interpreter. This conflict, however, did not make it improper for the court to charge upon that phase of the case presented by the version of the appellee. If the facts testified to by him are true, then the representation that he would not be permitted to leave the hospital unless he signed the release might be regarded by the jury as amounting to a fraud. There was no error in giving the charge complained of.

[3] As to how the accident occurred, the appellee testified, in substance, that he was employed by the section foreman on the 5th of July, and was put on the hand car, compelled to stand on the front end, and required to pump the car to make it move; that several other section men were assisting in propelling the car; that there was a big keg of spikes in his way, and after the car was started they gave it a sudden jerk which caused him to move his feet, and he fell to the ground; that the reason he fell was he did not have room enough where he was standing; that when the car was in motion the keg of spikes near his feet was rocking to and fro, and in trying to get out of its way so it would not catch his feet he lost his balance and fell; that the rocking of the keg of spikes to and fro was caused by the rapid motion of the hand car; that the foreman told him to pump on the lever and make the car go fast. Parker, the section foreman, testified that he had the keg of spikes put on the hand car; that it was not usual to have spikes in such a place; that there was nothing unusual about the things on the car except the spikes. It was further shown that the appellee had his back to the direction in which the car was traveling, while all of the other operatives were facing that direction. The evidence was sufficient to authorize the court to submit to the jury the questions as to whether or not the jerking

of the car and its rapid motion were acts of negligence. The charges were so worded that the jury was fully warranted in taking into consideration all the circumstances attending the situation.

[4] The sixth, seventh, and eighth assignments of error complain of the refusal of the court to give certain special charges. These assignments are not propositions within themselves and are not followed by any as is required by the rules. It cannot be said, as a matter of law, that the evidence is not sufficient to support the verdict. While there is in the record an apparent conflict in the statements of the appellee regarding the coercion brought to bear on him to get his signature to the release, the jury had a right to consider his testimony in the light of the appellee's condition and his ignorance of our language.

The judgment is affirmed.